UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMAL WESTLEY                                                CIVIL ACTION

VERSUS                                                       NO. 18-1994

DARREL VANNOY                                                SECTION "B"(1)

## ORDER AND REASONS

Before the Court are the Magistrate Judge's Report and Recommendation to dismiss petitioner Jamal Westley's petition for habeas corpus relief (Rec. Doc. 15), and petitioner's objections to the Report and Recommendation (Rec. Doc. 16). For the reasons discussed below,

**IT IS ORDERED** that the petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation are **ADOPTED as the Court's opinion**; and

**IT IS FURTHER ORDERED** that the petition for habeas relief is **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jamal Westley ("petitioner") is an inmate currently incarcerated at Louisiana State Penitentiary in Angola, Louisiana. *See* Rec. Doc. 4-1 at 1. On May 24, 2013, petitioner was convicted of two counts of simple burglary of an inhabited dwelling, along with one count of each of the following offenses: forcible rape, access device fraud, armed robbery, and aggravated burglary. *See* Rec. Doc. 15 at 1. On June 18, 2013, petitioner was sentenced to

1

twelve years on each count of simple burglary of an inhabited dwelling, forty years on the forcible rape conviction, six months on the access device fraud conviction, fifty years on the armed robbery conviction, and thirty years on the aggravated burglary conviction. See *id.* The court ordered that these sentences be served concurrently. See *id.* On August 15, 2013, petitioner pleaded guilty to being a second offender on the armed robbery conviction and was resentenced to a concurrent term of ninety-nine years imprisonment. See *id.*

On May 22, 2016, petitioner filed an application for post-conviction relief with the state trial court seeking an out-of-time appeal. See *id.* On July 14, 2016, the application was denied as untimely. See *id.* On September 1, 2016, the Louisiana Fourth Circuit Court of Appeal similarly denied him relief. See *id.* at 1-2. On February 9, 2018, the Louisiana Supreme Court denied petitioner's related writ, holding that the application was not timely filed in the state district court and that petitioner had failed to show that an exception applied. See *id.* at 2. On February 19, 2018, petitioner filed the instant federal habeas corpus petition, asserting that he received ineffective assistance of counsel when counsel failed to file a direct appeal. See Rec. Doc. 4-1 at 18, 22.

**LAW AND FINDINGS**

A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls for purposes of this 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act . . ."); *see also Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)) (holding that AEDPA applies to habeas corpus petitions filed after the date the act went into effect).

There are three threshold requirements under AEDPA which a habeas corpus petition must meet: (1) the petition must be timely; (2) the petitioner must have exhausted state court remedies; and (3) the petitioner must not be in procedural default. *See* 28 U.S.C. § 2244(d); *see also Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 USC § 2254(b),(c)). Because the instant petition is untimely, it is unnecessary to address the exhaustion and procedural default requirements.

B. Timeliness

The AEDPA imposes a one-year statute of limitations for petitioners seeking relief under 28 U.S.C. § 2254. *See* 28 U.S.C. 2244(d)(1). Because petitioner's claim does not involve a state-created impediment or a newly recognized constitutional right, neither § 2244(d)(1)(B) nor (C) apply. Accordingly, the timeliness

3

of the instant petition need only be considered under § 2244(d)(1)(A) and (D).

First, for a habeas corpus petition to be timely under § 2244(d)(1)(A), the AEDPA requires that it be filed within one year of the date that the judgement became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). A judgement becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Accordingly, a conviction becomes final when the period for filing a notice of appeal expires and no appeal has been taken. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that a conviction is final when the defendant does not timely proceed to the next available step in the state appeal process).

To be timely under § 2244(d)(1)(A), petitioner would have to have filed his federal petition within a year of his conviction's finality. Petitioner's conviction became final when the time in which he had to appeal expired and no appeal had been taken. Because petitioner's conviction became final on September 16, 2013, petitioner should have filed the instant petition on or before September 16, 2014. However, he did not file the petition until February 19, 2018. *See* Rec. Doc. 4-1 at 22. Accordingly, under the foregoing subsection the petition is time-barred.

Second, under § 2244(d)(1)(D), a petition must be brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (quoting *Johnson v. United States*, 544 U.S. 295, (2005)). While attorney abandonment may constitute factual predicate for a petitioner to proceed under § 2244(d)(1)(D), "[c]omplete inactivity in the face of no communication from counsel does not constitute diligence." See *id.* at 963.

The timing of petitioner's efforts is crucial to establishing the requisite diligence. See *id.* at 962 ("[t]he important thing is to identify a particular time when . . . diligence is in order.") (internal quotations omitted). When a petitioner alleges a failure of counsel to file an appeal, the length of time between the conviction and petitioner's subsequent efforts is determinative of whether the petitioner exercised diligence. *See id.* at 963-64 (holding that petitioner who waited fifteen months to inquire about his appeal status did not exercise reasonable diligence). Consistent with *Rodriguez*, the Seventh Circuit has held that in the context of a petitioner alleging a failure of counsel to file an appeal, the relevant inquiry is "how long a duly diligent

5

prisoner would take to discover that his lawyer had not filed a notice of appeal." *See Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011).

If the court were to apply § 2244(d)(1)(D), the instant petition would still not be timely. Under this subsection, the statute of limitations would have commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). Following precedent set forth in *Rodriguez*, Petitioner should have discovered that no appeal had been filed within fifteen months of the filing deadline—in other words, by December 16, 2014. *See Rodriguez*, 858 F.3d at 963-64. Accordingly, petitioner would have to have filed either an application for state-post conviction relief or the instant petition by December 16, 2015. However, petitioner did not file for state post-conviction relief until May 22, 2016, and did not file his federal petition until February 19, 2018. *See* Rec. Doc. 4-1 at 22. Accordingly, this petition is time-barred.

C. <u>Actual Innocence</u>

The one-year statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the

6

statute of limitations."). To overcome the statute of limitations by actual innocence, a petitioner must "persuade[] the district court that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, petitioner cannot overcome the statute of limitations because he did not assert actual innocence in his petition or his objection, let alone present any "new evidence" required by *Perkins*. To the contrary, in petitioner's objection, he writes that "[he] may or may not be actually innocent of any crime" and that "he especially cannot assert his actual innocence at this time." *See* Rec. Doc. 16 at 2.

D. Tolling

The statute of limitations can be interrupted by either statutory tolling or equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (setting forth the requirements for statutory tolling under the AEDPA); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (". . . we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

Under the statutory tolling scheme provided for under the AEDPA, the running of the statute of limitations is interrupted during the period of time in which state post-conviction relief or collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). For statutory tolling to apply, the interrupting action must be: (1)

7

an application for state post-conviction or collateral review (2) with respect to the pertinent judgement or claim, (3) which was properly filed. *See id.* An application for state post-conviction or other collateral review that is filed after the statutory tolling period would have expired does not trigger statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application not filed until after the statute of limitations expired does not warrant tolling of the limitations period of § 2244(d)(2)).

Here, petitioner has not met the requirements to warrant statutory tolling, as there was no application for post-conviction relief pending before the state courts during the time the statute of limitations was running under either §§ 2244(d)(1)(A) or (D).

A habeas corpus petitioner is entitled to equitable tolling of the statute of limitations only upon a showing that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The burden of establishing these two elements rests on the petitioner seeking equitable tolling. *See Pace*, 544 U.S. at 418. Equitable tolling is warranted "only in rare and exceptional circumstances . . . where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *See Cousin v. Lensing*, 310 F.3d

8

843, 848 (5th Cir. 2002) (internal quotations omitted). Claims for equitable tolling based on grounds such as ignorance of the law, unfamiliarity with the legal process, illiteracy, or a lack of knowledge of filing deadlines do not warrant equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Precedent for what constitutes extraordinary circumstances is well established in case law. In *Holland*, the Supreme Court held that equitable tolling would be warranted where an attorney ignored the client's repeated requests for information and to timely file a petition, over a period of years. *See Holland*, 560 U.S. at 652. Likewise, in *Wynn*, the court held that equitable tolling was warranted where the defendant was deceived by his attorney into believing a timely motion to vacate had been filed, when in fact, no such motion had been. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002).

Here, petitioner has not met the requirements necessary to warrant equitable tolling of the statute of limitations. Liberally construed, petitioner's federal petition suggests that the extraordinary circumstance that prevented his timely filing was his attorney's having misled him into believing that an appeal was filed, when no such appeal had been in fact filed. However, petitioner offers no evidence of such a promise having been made. In stark contrast to *Wynn*, the record is utterly devoid of any

9

evidence suggesting that counsel actively misled or deceived petitioner. Furthermore, and distinct from *Holland*, no diligent efforts were put forth by petitioner. Conversely, the facts of the instant case present no indication of extraordinary circumstances which prevented timely filing despite petitioner's diligence.

Petitioner's objection, liberally construed, asserts that he is entitled to equitable tolling on the grounds of his "mental capacity," as he is "mentally incompetent in the law." *See* Rec. Doc. 16 at 2. However, this does not constitute an extraordinary circumstance at law, and even if it did, petitioner has made no showing of diligence as required by law to warrant equitable tolling. Furthermore, as the Fifth Circuit expressly held in *Barrow*, ignorance of the law, or unfamiliarity with the legal process or deadlines, does not warrant equitable tolling. Accordingly, petitioner's claim that he "does not possess any working knowledge of the law, rules and/or procedures, and . . . is mentally incompetent in the law" (Rec. Doc. 16 at 2) is irrelevant and unconvincing for the purposes of equitable tolling.

As there has been no showing of actual innocence or that grounds for statutory or equitable tolling exist, the instant petition is not timely.

E. <u>Competency to Stand Trial</u>

"[T]he Constitution does not permit trial of an individual who lacks 'mental competency.' " *Austin v. Davis*, 876 F.3d 757,

777 (5th Cir. 2017) (citing *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)). An individual is mentally competent to stand trial if: (1) he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; and (2) he has a rational as well as factual understanding of the proceedings against him. *See Austin*, 876 U.S. at 777 (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Here, petitioner asserts that "[his] capacity to stand trial was never brought to the trial court when it should have been." Rec. Doc. 16 at 2. Petitioner is precluded from bringing this claim, like all claims in his petition, because his petition is time-barred. Regardless, petitioner does not offer any evidence of his being incompetent to stand trial. He has not demonstrated that he lacked sufficient ability to consult with his lawyer at trial with a reasonable degree of understanding, nor that he lacked a rational as well as factual understanding of the proceedings against him. Accordingly, this claim is without merit.

New Orleans, Louisiana this 16th day of August, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE